ANNA DEVLIN, PLAINTIFF, v. GEORGE SURGENT, JAMES A. YOUNG AND WALTER SCOTT, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided December 4, 1953.

*Mr. Milton Schamach,* attorney for plaintiff (*Mr. J. Mortimer Rubenstein* of counsel).

*Mr. Nicholas Martini,* attorney for defendant George Surgent.

*Mr. Louis Nussman,* attorney for defendant James A. Young.

GRIMSHAW, J. S. C. Plaintiff is the widow of Edward L. Devlin who died on December 17, 1951. The defendant Surgent is Chief Medical Examiner of the County of Passaic. Defendant Young is the Registrar of Vital Statistics of the City of Paterson and the defendant Scott is the Registrar of Vital Statistics of the State of New Jersey.

Devlin died as a result of poisoning from illuminating gas. The medical examiner was summoned. He viewed the body, made an investigation and issued a death certificate in which he stated, among other things, that the death was the result of suicide. The plaintiff, taking exception to the conclusion reached by the medical examiner, seeks to have this court expunge from the certificate the conclusion of suicide on the ground that it was a mistake.

There is no doubt of the power of the equity court to relieve against the consequences of mistake. *Sears, Roebuck & Co. v. Camp,* 124 *N. J. Eq.* 403 (*E. & A.* 1938). But here there was no mistake as the word is used in this connection. Plaintiff concedes that the certificate accurately records the conclusion of the medical examiner. And there is no suggestion of fraud. Plaintiff, however, disagrees with the conclusion. She asks this court to substitute its judgment for that of the official and, in effect, now determine the cause of death. This court does not have jurisdiction to grant such relief.

Plaintiff relies heavily on the case of *Vanderbilt v. Mitchell,* 72 *N. J. Eq.* 910 (*E. & A.* 1907). A reading of that case discloses that it is not authority in support of plaintiff's contention. There a birth certificate contained false statements made with fraudulent design. The aid of the court of equity was invoked on the ground of its inherent jurisdiction over frauds. Equity intervened to relieve against the consequence of the fraud and cancelled the fraudulent certificate. The two situations are not analogous.

Defendants move to dismiss the complaint. The motion will be granted.